Manly, J.
The case before us is brought" into thin Court,- by m L of certiorari from the judgment of the Chief Justice at chambers y bis judgment being pronounced profo/'rm, that it might be reviewed iii this.Court at this term. The ease involves- the question, whether a, *2 substitute.taken into the military service of the Confederate States, under the act of April, 186$, was entitled to a discharge upon the conscription of his principal, aft$r the passage of the act of 5th Jankarv, 1864.
It seems the substitute was not bound under anj'.act of Congress *tó do service on his own account, (being past 50 years of age,) so that the-question is freed from complication ; aud is snnply, whether the act ef the government calling back into the service the principal, puis an end to the substitute’s term of service. 'We think'it does net.
As we had occasion to. say, at’ the last regular term of this Court, in.the case of Wallfon, with the special agreement of the parties, in acaso of substitution, with the considerations and -mol; v,s actuating them, the .Confederate Sates have had nothing to do. They acquiesced in the arrangement of the parties, so far as to accept one mao instead of another, in compliance with what was supposed to bo their mutual wish and convenience : and in respect, to the Confederate States, the substitute stands therefore, in the light of a volunteer for the term of service to which the principal was subject; and such being the casé, there is no principle v;e aie aware of, to exempt him from’the performance of the full term of that service, by reason of any action of the government, which may ailed, the rights of his principal under their private agreement. .
There is a manifest ii>lenti@ru on the part of Congress, to ictain the substituto in the service ; and I take it, there can be no'question that Congress had the power . to do so specifically, witlioutymy general legislation to cover their case No provision is made for their discharge in the act of January 1864, but they arc left in the .condition in which they were found — volunteers for the war.
*3 What 'seems to us cpnclusivo evidence of tills purpose of tbe Congress- to continuo them in tlie mm rice is found in the-act i tself. It declares, “ whereas, in tbe present circumstances of tbe country, it requires .tbe aid of all who are able to bear arms, the Congress of tbe Confederate States do enact, that no person .shall bo exempt from military service by res sen of his having fnrn ¡¡sin ¡1 a substitute ; but this act shall, nut be so con sir tied as to affect persons who, though not liable io vender military service, nevertheless, furnished ¡;,<h.u-,i,!ules.” • From this-we learn two things clearly : 5 :¡¡, ihafc t;m Confederate ."'hiles were in need of soldiers in the .field ; '-'ud 2d, -hat they expected to get i-h.-m by calling back info service the men who had hereiofon put in fu! t lutes. The object of the act was to-mm re. on addition to the mill'pry force. Now, this object '.who1 be enih.eiy iVnsh. a d if one man was to be lot out for ov.-iy one taken in, v.' -,cb would be the case (proximate!/ .d. b-a.-u) if subí tituu ; are entitled to a discharge.
It is perfectly clear, thuvofo-v, ¡Imt .Negress inn i .ed no such tiling. .The huplicai Sou to ¡i. /¡oiiirary' ¡-. as forcible as if they had lo.daiv-i ’ hi wore •,
A military force in some form constitute!!, among!'! all peoples, a part of the c rp.au.'.-an wmoh we .call government, doing a portion of -uv-mtivo brunch ; and j-uch a force, when cmie const!luted, is muuifcKtiy'intc-n-1-■' for an indefinite term of servir.-, ¡.uWj thou* bo so-im-i. ing in the organic law to define Had limit ií-. Cuyo limre-hnn in the. case before us can he found only lu lid generay • ; c-vision of law relating to the army, to which the petitioner belongs, defining its term of service .o be for tbe war. • A sense of interest, as well as ju.-tice, will induce the government, through its proper .agents, to listen to all ap *4 plications for relief on account «^’disability, 0/ arising from time to time, and to these the soldier must resort.
The judgment at «hambers is therefore reversed, and a judgment rendered • in this Court that the petitioner, Joseph McDaniel, is rightfully in the custody of the mil-tary authorities and must so continue.